955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Fazael TALEGHAN, Defendant/Appellant.
 No. 90-10317.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1992.*
Decided Feb. 19, 1992.
 
 Before CHAMBERS, FARRIS and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In order to establish that pre-indictment delay constitutes a denial of due process, Taleghan must show: (1) actual prejudice and (2) unjustified delay. See United States v. Moran, 759 F.2d 777, 780-83 (9th Cir.1985). The second prong requires the district court to balance the length of the delay and the reasons for it. See id. at 783. The court failed to apply the appropriate legal standard; its statement was insufficient to demonstrate the required balancing.
 
 
 3
 Nevertheless, Taleghan has not demonstrated that he is entitled to relief. No prejudice is shown. Taleghan's argues that he was prejudiced by witnesses' resulting memory loss. Such assertions rarely, if ever, establish the degree of prejudice necessary to constitute a due process violation. See Moran, 759 F.2d at 782. Effective cross-examination enables the jury to determine how much weight to give to a witness' testimony by revealing the full extent of the witness' memory loss. Taleghan's argument that the government witnesses' memory loss rendered cross-examination fruitless is unpersuasive. Taleghan also made an inadequate showing of bad faith. See id. at 783 ("our cases clearly require some showing of governmental culpability to prove a deprivation of due process").
 
 
 4
 The district court did not abuse its discretion in excluding testimony regarding Taleghan's cultural and political background. See United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989) (standard of review). The court correctly concluded that Taleghan's background "has nothing to do with whether or not he willingly and intentionally sold a controlled substance." We understand Taleghan's argument, but the "complete context" in which Taleghan's actions occurred is irrelevant; the excluded evidence could not have constituted a cognizable defense.
 
 
 5
 We reject Taleghan's argument that the district court improperly restricted the scope of cross-examination of Mirgoli. Taleghan's assertion that the district court precluded all inquiry into the possibility that Mirgoli might be biased finds no support in the record. Mirgoli testified on cross-examination that he did not know Taleghan's views regarding Iran. Further, Taleghan and Farihid testified that Taleghan and Mirgoli had discussed politics and had differing views.
 
 
 6
 The district court did not abuse its discretion in excluding the results of Taleghan's polygraph test. See United States v. Bowen, 857 F.2d 1337, 1341 (9th Cir.1988).
 
 
 7
 It was not error to refuse to give an "addict informer instruction." United States v. Ochoa-Sanchez, 676 F.2d 1283 (1982), requires evidence of present drug use. See id. at 1289 (addict instruction appropriate when "witness is a[n] ... addict" (citation omitted)). Taleghan argues that the district court prevented him from fully exploring Mirgoli's drug use. We understand Taleghan's argument, but the court's ruling at most referred to Mirgoli's past drug use; it did not preclude all inquiry into Mirgoli's drug use.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3